# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent,<br><br>　v.<br><br>TROY MITCHELL HEFLIN,<br><br>　　　　Petitioner. | CASE NO. 1:93-CR-05216-LJO-1<br><br>MEMORANDUM ORDER GRANTING PETITIONER'S § 2255 MOTION<br><br>(ECF NO. 138) |

Before the Court is Petitioner Troy Mitchell Heflin's ("Petitioner," "Defendant," or "Heflin") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 22, 2016 (ECF No. 138). The government filed its Opposition on July 14, 2016 (ECF No. 142), and Petitioner filed a Reply on July 15, 2016 (ECF No. 144). Having considered the parties' briefing and the record in this case, the Court GRANTS Petitioner's motion.

## I.   BACKGROUND

On April 13, 1995, a grand jury returned a Superseding Indictment charging Defendant with one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 19. Subsequent to a bench trial, the previously assigned district judge found Mr. Heflin guilty of the offense. ECF Nos. 50, 55, 57.

The statutory maximum term of imprisonment for a violation of § 922(g)(1) is ten years. *See* 18 U.S.C. § 924(a)(2). At sentencing, the government asserted that based on his multiple prior felony convictions (four convictions for Robbery, violations of California Penal Code ("CPC") § 211; and one conviction for Gross Vehicular Manslaughter, a violation of CPC § 191.5(a)), Heflin qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). Finding that Defendant Heflin had at least three prior convictions for "violent felony" offenses as defined at § 924(e)(2)(B),[1] the district court determined that Heflin was an Armed Career Criminal. On that basis, rather than the ten-year statutory maximum pursuant to § 924(e)(2), the district court instead imposed an ACCA-enhanced term of 289-months imprisonment.

On August 14, 1996, Defendant appealed, arguing that there was insufficient evidence to support the district court's finding that he constructively possessed ammunition that had traveled in interstate commerce. *United States v. Troy Heflin*, 132 F.3d 41, 1997 WL 770377, at *1 (9th Cir. 1997). On December 10, 1997, the Court of Appeals for the Ninth Circuit affirmed the district court's judgment. *Id.* Subsequently, Defendant filed a petition for writ of certiorari, which the Supreme Court denied. *Heflin v. United States*, 119 S. Ct. 227 (1998).

On September 7, 1999, Defendant Heflin filed a *pro se* § 2255 motion (ECF Nos. 118, 123). On July 26, 2000, the district court denied both the motion and declined to issue a certificate of appealability (ECF Nos. 126, 127). Subsequently, the Court of Appeals for the Ninth Circuit also denied Heflin's application for a certificate of appealability. (ECF No. 135).

On June 22, 2016, Petitioner Heflin filed an unopposed emergency motion for a successive habeas petition. *See* ECF No. 138. In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), the Court of Appeals for the Ninth Circuit granted Heflin's motion to file a successive petition pursuant to 28 U.S.C. § 2255 on July 11, 2016, and directed this Court to rule on said petition within seven days. *See* ECF No. 137.

**II.     LEGAL STANDARDS**

   **A.  28 U.S.C. § 2255**

---

[1] The government concedes that Heflin's prior conviction under CPC § 191.5(a) is "irrelevant" to the instant motion.

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack … .

28 U.S.C. § 2255(a). Generally, it is only a narrow range of claims that fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

## B.  The Armed Career Criminal Act

A defendant is subject to the Armed Career Criminal Act ("ACCA" or "the Act") and must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. §§ 924(e)(1). Under the ACCA, a violent felony includes any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause."[2] *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

//

---

[2] The final clause of the Sentencing Guidelines § 4B1.2(a), beginning with the words "or otherwise," is also commonly referred to as the "residual clause." *See, e.g.*, *United States v. Crews,* 621 F.3d 849, 852 (9th Cir. 2010). The Ninth Circuit "make[s] 'no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s].'" *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (first alteration added) (quoting *United States v. Crews*, 621 F.3d 849, 852 n.4 (9th Cir. 2010)).

### C. *Johnson II* and *Welch*

In *Johnson II*, decided June 26, 2015, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, but that the elements and enumerated offenses clauses are still effective. 135 S. Ct. at 2563. The Supreme Court more recently held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *See Welch v. United States*, ––– U.S. –––, 136 S.Ct. 1257, 1268 (2016).

## III. DISCUSSION

Heflin moves the Court to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255 arguing that, in light of *Johnson II* and *Welch*, his prior felony convictions no longer constitute predicate crimes of violence under the ACCA, therefore his 289-month sentence for a violation of Felon in Possession of Ammunition (18 U.S.C. § 922(g)(1)) is in excess of the statutory maximum ten-year term pursuant to 18 U.S.C. § 924(a)(2).

The government acknowledges that, following *United States v. Dixon*, 805 F. 3d 1193 (9th Cir. 2015), a prior conviction for violating CPC § 211 does not constitute a crime of violence and cannot serve as a predicate violent felony under the ACCA. Oppo., ECF No. 142 at 2:16-19. The government asserts that *Dixon* "should not apply to the aggravated robbery convictions here which included enhancements for personally using weapons and inflicting great bodily injury," because the sentencing enhancements to Heflin's Robbery convictions (CPC §§ 12022 and 12022.7) constitute elements of Heflin's underlying convictions for Robbery (CPC § 211). Oppo., ECF No. 142 at 2:16-19. Thus, the Robbery convictions, as enhanced, are functionally equivalent to Hobbs Act Robbery and should similarly qualify as "crimes of violence" under the ACCA's element clause. On that basis, the government argues that the sentencing court lawfully imposed an ACCA-enhanced term of imprisonment.[3]

California defines Robbery, CPC § 211, as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." As California's statutory definition of Robbery shows, it does not include

---

[3] The parties otherwise agree that the enumerated clause is not implicated here and that, in light of *Johnson II*, the residual clause is void for vagueness.

4

"as an element the use, attempted use, or threatened use of force against the person of another." § 924(e )(2)(B)(i). Thus, as the government concedes, a California Robbery conviction cannot qualify as a predicate offense under the elements clause. *See Dixon*, 805 F.3d at 1196 ("We first turn to whether CPC § 211 is a categorical match to the ACCA's definition of 'violent felony.' We conclude that CPC § 211 is not a categorical match because it criminalizes conduct not included within the ACCA's definition of 'violent felony.'").

Rather than *Dixon*, the government suggests the Court should follow *United States v. Watson*, No. 14-00751-01 DKW, 2016 WL 866298, at *4 (D. Haw. Mar. 2, 2016) (finding a defendant's convictions for Hobbs Act Robbery (violations of 18 U.S.C. §§ 2113(a) and (d)) qualify as violent felonies for the purposes of the ACCA). But, as the government admits, *Watson* neither contemplates CPC § 211 nor the ACCA. Oppo., ECF No. 142 at 2:16-25. In contrast, the Ninth Circuit case, *Dixon*, does. *See generally,* 805 F. 3d 1193. *Dixon* controls for this reason alone. Moreover, California's Robbery statute, CPC § 211, and Hobbs Act Robbery are materially different in form and substance. The Hobbs Act has a variable list of elements and is a "divisible"[4] statute. *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993). In contrast, the California Robbery statute "contains only alternative means and is not divisible." *Dixon*, 805 F.3d at 1198 (citing *Rendon,* 764 F.3d at 1084-88). Also, the federal Hobbs Act includes the use of violent force as an alternative element, *see* 18 U.S.C. § 1951(b)(1),[5] but California's Robbery statute does not, *see* CPC § 211.[6] *Compare Mendez*, 992 F.2d at 1490 (the Hobbs Act describes "crimes of both violence and non-violence") *with Dixon*, 805 F.3d at 1198 ("The disjunctively worded phrases in the statute and

---

[4] A statute is "divisible" when it contains "multiple, alternative *elements* of functionally separate crimes," *Rendon v. Holder,* 764 F.3d 1077, 1084-85 (9th Cir. 2014), as opposed to "alternative means of committing the same crime." *Almanza-Arenas v. Lynch*, 2015 WL 9462976, at *5 (9th Cir. Dec. 28, 2015).

[5] The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1) (emphasis added).

[6] "The California model jury instructions explain that the elements of CPC § 211 are: (1) the defendant took property that was not his own, (2) the property was in the possession of another person, (3) the property was taken from the other person or his immediate presence, (4) the property was taken against the other person's will, (5) the defendant used force or fear to take the property or to prevent the other person from resisting, (6) when the defendant used force or fear, he intended to deprive the owner of the property permanently, and (7) the defendant's intent to take the property was formed before or during the time he used force or fear. *See* Criminal Jury Instructions § 1600 (Jud. Conf. of Cal. 2015)." *Dixon*, 805 F.3d at 1198 (emphasis added).

jury instructions are alternative means, not alternative elements."). The Court concludes that *Watson* is inapt and *Dixon* controls.

Heflin was sentenced for convictions of Robbery (CPC § 211), and the state court applied two sentencing statutes: §§ 12022(b)(1) and 12022.7. California Penal Code § 12022.5(a) states "[a]ny person who personally uses a firearm in the commission of a felony or attempted felony *shall be punished* by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years…." (emphasis added). California Penal Code § 12022.7(a) states "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony *shall be punished* by an additional and consecutive term of imprisonment in the state prison for three years." (emphasis added).

The question becomes whether the sentencing enhancements, §§ 12022(b)(1) and 12022.7, are elements of CPC § 211, as a matter of law. They are not. As the Supreme Court of California explained in *People v. Izaguirre*:

> By definition, an enhancement is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(3); *People v. Jefferson*, 21 Cal.4th 86, 101 (1999)). For that reason alone, an enhancement cannot be equated with an offense. (*See People v. Chiu*, 113 Cal.App.4th 1260, 1265 (2003)).

42 Cal.4th 126, 134 (2007). Said another way, enhancements are punishments for a crime, not elements of it. *People v. Guilford*, 151 Cal. App. 3d 406, 412 (Ct. App. 1984) (citing *People v. Boerner*, 120 Cal.App.3d 506, 511 (1981)). Like § 12022.5, §§ 12022(b)(1) and 12022.7 are sentencing statutes that "[do] not define a separate offense," but are "merely … sentencing provision[s]." *May v. Sumner*, 622 F.2d 997, 999 (9th Cir. 1980) (citing *In re Culbreth*, 17 Cal.3d 330 (1976)). The statutory language makes plain that these are sentencing provisions for punishment, not elements of the underlying crime. Therefore, notwithstanding the sentencing enhancements made pursuant to §§ 12022(b)(1) and 12022.7, the Court concludes that CPC § 211 does not satisfy the elements clause test. It follows that a conviction under CPC § 211 does not constitute a "violent felony" under the ACCA.

//

At bottom, the government asks the Court to reach beyond the elements of Robbery and incorporate underlying facts. A court may do this —as the government asks the Court to do here— where a statute is "divisible," applying the "modified categorical approach" to "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013) (internal quotations omitted). Yet, the Ninth Circuit has specifically found that CPC § 211 is *not* "divisible." *Dixon*, 805 F.3d at 1198. Further, the Supreme Court has specifically found that indivisible statutes are not subject to the "modified categorical approach." *Descamps*, 133 S. Ct. at 2284; *accord Ramirez v. Lynch*, 810 F.3d 1127, 1138 (9th Cir. 2016) ("because [the predicate felony] is not a divisible statute, our analysis stops here. Under the categorical approach, [the predicate felony is] … not a "crime of violence," nor does it qualify on that basis as an aggravated felony.").

Where, as here, the statute is indivisible, a district court may not reach beyond the fact of whether the conviction exists. *See, e.g.*, *Lopez-Valencia*, 798 F. 3d 863, 868 (9th Cir. 2015) (where the statute at issue is indivisible, the court's inquiry ends "because a conviction under an indivisible, overbroad statute can never serve as a predicate offense"). Indeed, the Supreme Court has emphasized that where a court contemplates an indivisible statute, a district court must not extend its "judicial factfinding beyond the recognition of a prior conviction." *Descamps*, 133 S.Ct. at 2288-89 (a court "cannot [] rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence"). This Court will not contemplate facts beyond whether convictions for CPC § 211 exist.

**IV.     CONCLUSION AND ORDER**

In light of *Johnson II* and *Welch*, Heflin's prior convictions for Robbery under CPC § 211 exist, but do not qualify as predicate violent felonies for the purposes of the ACCA. Therefore, the sentence imposed against Heflin for conviction under 18 U.S.C. § 922(g)(1) was in excess of the ten-year statutory maximum penalty allowed pursuant to 18 U.S.C. § 924(a)(2). Petitioner Heflin is entitled to habeas relief under 28 U.S.C. § 2255(a).

//

//

7

Accordingly, **IT IS HEREBY ORDERED:**

1. In light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct 2551 (2015), Defendant Troy Mitchell Heflin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 138) is **GRANTED**.

2. Heflin's sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. 924(e), (ECF No. 84), is **VACATED**.

3. As Defendant Heflin has served a sentence in excess of the ten-year statutory maximum penalty allowed under 18 U.S.C. § 924(a)(2), and no reasonable person would elect to prolong time in custody to await resentencing, Defendant Heflin **SHALL** be released from the custody of the Bureau of Prisons without delay. The Court acknowledges that it cannot address holds, if any, in other active or pending cases.

4. The United States Probation Office ("Probation") **SHALL** assign a Pretrial Services Officer to supervise Defendant. As soon as practicable, Probation **SHALL** inform defense counsel of the officer assigned.

5. Mr. Heflin **SHALL** report to the United States Probation Office within seventy-two hours after his release.

6. The Bureau of Prisons is **DIRECTED** to allow Defendant immediate telephone access in order to contact his defense counsel.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** terminate this Defendant and close the case.

IT IS SO ORDERED.

Dated:   **July 18, 2016**                         /s/ Lawrence J. O'Neill
                                                                UNITED STATES CHIEF DISTRICT JUDGE

8